**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 000175
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| GLAZING HEALTH AND WELFARE FUND; SOUTHERN NEVADA GLAZIERS AND FABRICATORS PENSION TRUST FUND; GLAZIERS APPRENTICESHIP TRAINING TRUST; IUPAT POLITICAL ACTION COMMITTEE; GLAZIERS LABOR MANAGEMENT COOPERATION COMMITTEE; GLAZIERS INDUSTRY PROMOTION FUND; GLAZIERS ORGANIZING FUND; GLAZIERS SAFETY TRAINING TRUST, each acting by and through their designated fiduciaries, John Smirk and Rick Polson; IUPAT INDUSTRY PENSION TRUST FUND, acting by and through its fiduciary Gary Meyers; EMPLOYEE PAINTERS WELFARE TRUST; PAINTERS JOINT COMMITTEE TRUST; PAINTERS JOINT APPRENTICESHIP TRAINING TRUST; PAINTERS INDUSTRY PROMOTION FUND; PAINTERS JOINT COMMITTEE INDUSTRY PROMOTION FUND; PAINTERS ORGANIZING FUND; PAINTERS LABOR MANAGEMENT COOPERATION COMMITTEE; PAINTERS SAFETY TRAINING TRUST, each acting by and through their designated fiduciaries, John Smirk and Thomas Pfundstein, <br><br> Plaintiffs, <br><br> vs. <br><br> PEREGRINE INSTALLATION, CO., an Indiana corporation; PERINI BUILDING COMPANY, INC., an Arizona corporation; BURKE CONSTRUCTION GROUP, INC. d/b/a BURKE & ASSOCIATES, | CASE NO.: <br><br> **COMPLAINT FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY [29 U.S.C. §§ 1002, 1104, 1109, 1132], CLAIMS AGAINST LICENSE AND SURETY BONDS and GENERAL CONTRACTOR LIABILITY [NRS 608.150]** <br><br> Date: N/A <br> Time: N/A |

INC., a Nevada corporation; TISHMAN CONSTRUCTION CORPORATION OF NEVADA, a Nevada corporation; JOHN DOES I-X, inclusive; ROE ENTITIES I-X, inclusive; BOE BONDING COMPANIES I-X, inclusive,

Defendants.

COME NOW, the Plaintiffs, the Glazing Health and Welfare Fund; Southern Nevada Glaziers and Fabricators Pension Trust Fund, Glaziers Apprenticeship Training Trust, IUPAT Political Action Committee, Glaziers Labor Management Cooperation Committee, Glaziers Industry Promotion Fund, Glaziers Organizing Fund and Glaziers Safety Training Trust, each acting by and through their designated fiduciaries, John Smirk and Rick Polson ("Glaziers Trust Funds"), the International Union of Painters and Allied Trades Industry Pension Trust Fund, acting by and through its fiduciary Gary Meyers ("IUPAT"), and Employee Painters Welfare Trust; Painters Vacation Trust; Painters Joint Committee Trust; Painters Joint Apprenticeship Training Trust; Painters Industry Promotion Fund; Painters Joint Committee Industry Promotion Fund; Painters Organizing Fund; Painters Labor Management Cooperation Committee; Painters Safety Training Trust, each acting by and through their designated fiduciaries, John Smirk and Thomas Pfundstein ("Painters Trust Funds") (collectively "Trusts" or "Plaintiffs"), by and through their attorneys, Christensen James & Martin, and for their claims for relief against the above-named Defendants, hereby complain, allege and assert as follows[1]:

## JURISDICTION & PARTIES

1. This Court has jurisdiction of this case pursuant to § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)] and § 502(e) of the Employee Retirement Income Security Act of 1974, as amended [29 U.SC. § 1132(e)(1)]. Pursuant to 28 U.S.C. § 1367 this Court has ancillary jurisdiction over any secondary causes of

---

[1] The Trusts filed Statements of Facts Constituting Lien in Clark County, Nevada District Court, Case Nos. A-10-612676-B and A-10-607921-B, concurrently with the filing of this action, to pursue their lien claims pursuant to N.R.S. 108.221 et seq. The Trusts reserve the right to pursue foreclosure of their liens in this Action if the state court claims are dismissed without prejudice.

1. action.

2. The Plaintiff Trusts are express trusts created pursuant to written declarations of trust, consistent with § 302(c) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 186(c)].

3. At all times material herein, the IUPAT District Council 15, Glaziers Union Local No. 2001 ("Glaziers Union") has been a labor organization representing employees in the construction industry in southern Nevada. The Glaziers Union is a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

4. At all times material herein, the IUPAT District Council 15, Painters Union Local No. 159 ("Painters Union") has been a labor organization representing employees in the construction industry in southern Nevada. The Painters Union is a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

5. The Trusts are informed, believe and thereon allege that Defendant Peregrine Installation, Co. ("Peregrine") is an Indiana corporation doing business as a contractor in Clark County, Nevada on certain projects at the CityCenter development, including the Aria Tower, Mandarin Oriental and Veer Tower ("Projects").

6. The Plaintiffs are informed, believe and thereon allege that at all times material herein, Defendant Perini Building Company ("Perini") was and is an Arizona corporation doing business as a contractor in Clark County, Nevada.

7. The Plaintiffs are informed, believe and thereon allege that at all times material herein, Defendant Tishman Construction Corporation of Nevada ("Tishman") was and is a Nevada corporation doing business as a contractor in Clark County, Nevada.

8. The Plaintiffs are informed, believe and thereon allege that at all times material herein, Defendant Burke Construction Group, Inc. d/b/a Burke & Associates, Inc. ("Burke") was and is a Nevada corporation doing business as a contractor in Clark County, Nevada.

9. Plaintiffs are informed, believe and thereon allege that John Does I-X are the managers, members, officers, principals and/or key employees whose employment duties with Defendant Peregrine required decision making regarding the payment of contributions to the Trusts.

10. The Plaintiffs are informed, believe and thereon allege that at all times material herein, John Does I-X were the shareholders, directors, officers, principals and/or key employees of Defendant Peregrine.

11. The true names and capacities, whether partnership, individual, corporate, associate or otherwise of Defendants John Does I-X, inclusive, Boe Bonding Companies I-X, inclusive, and Roe Entities I-X, inclusive, are unknown to Plaintiffs at this date. Said Defendants are named herein by fictitious names, but may be responsible or liable to the Plaintiffs by virtue of the actions hereinafter described and Plaintiffs reserve the right to amend the Complaint to insert any additional charging allegations, together with the true identities and capacities of such Defendants, when the same have been ascertained.

## GENERAL ALLEGATIONS

12. Peregrine executed and delivered certain Collective Bargaining Agreements ("CBAs") to the Glaziers Union and Painters Union, whereby Peregrine agreed to be bound by the terms and conditions of the CBAs, and by the terms and conditions of the related Trust Agreements.

13. At all times material herein, Peregrine was obligated by the CBAs and Trust Agreements to submit written reports to the Trusts on a timely basis showing the identities of its employees performing work covered by the CBAs and the number of hours worked by or paid to such employees. Further, Peregrine promised that it would pay fringe benefit contributions to the Trusts on a monthly basis and at specified rates for each hour worked by or paid to its employees covered by the Trust Agreements and CBAs. At all times material herein, Peregrine was obligated to submit said monthly reports and pay said contributions to the Trusts at their administrative offices on or before a specified day of each month following the work month in

which hours of work covered by the CBAs and/or the Trust Agreements were performed.

## FIRST CAUSE OF ACTION
[Breach of Contract–29 U.S.C. § 1132(e) – Peregrine and Doe Defendants]

14. According to the CBAs, the Trust Agreements and controlling legal authorities including *Central States Trust Fund v. Central Transport*, 472 U.S. 559 (1985), Peregrine must permit the Trusts Funds' auditors to conduct audits of its payroll and related records in order to determine if fringe benefit contributions have been properly paid to the Trusts.

15. The Trusts have caused their agents to begin performing compliance Audits of Peregrine's payroll and related records for the period January 2009 through present ("Audit Period").[2]

16. The Trusts are informed, believe and thereon allege that Peregrine has violated the terms of the CBAs and the Trust Agreements by failing to report all hours of covered labor performed by its employees and by failing to remit fringe benefit contributions to Plaintiffs during the Audit Period, including:

   a. Glaziers Trust Funds: (i) underreported and unpaid contributions from November 2009, (ii) reported but unpaid contributions from December through March 2010, and (iii) an estimate of contributions for April 2010 based on an average of the previous three months;

   b. Painters Trust Funds: reported but unpaid contributions from December 2009 through April 2010.

17. The Trusts are informed, believe and thereon allege that Peregrine is delinquent to the Glaziers Trust Funds and IUPAT, after giving credit for all payments received, in the principal amount of $248,890.63, plus accrued interest in the amount of $5,667.43, liquidated damages in the amount of $25,365.93, attorney's fees and court costs in the estimated amount of $3,960.77[3] and audit costs in the amount of $6,698.00, for a total delinquency of $290,582.76

---

[2] Audit procedures for the Glaziers Trust Funds are nearly complete, while the Audit for the Painters Trust Funds has not yet begun.
[3] Attorney's fees and costs through April 30, 2010.

-5-

1  ("Glaziers Delinquency").[4]

2  18.     The Trusts are informed, believe and thereon allege that Peregrine is delinquent to the Painters Trust Funds and IUPAT, after giving credit for all payments received, in the principal amount of $29,995.43, plus accrued interest in the amount of $476.73, liquidated damages in the amount of $4,040.80, attorney's fees and court costs in the estimated amount of $1,368.89[5] and audit costs in an amount to be proven at trial, for a total delinquency of $35,841.85 ("Painters Delinquency").[6]

19.     Pursuant to Title 29 U.S.C. § 1132(g)(2), Peregrine owes the Trusts accrued interest at the rates established pursuant to Title 26 U.S.C. § 6621 on all unpaid contributions and contract damages from the dates the sums were originally due to the Trusts to the date of judgment and thereafter, until paid in full.  The amount of said interest will be established by proof at trial.

20.     It has been necessary for the Trusts to engage the law firm of Christensen James & Martin to collect any and all delinquencies discovered in the audit.  Pursuant to the CBA, Trust Agreements and Title 29 U.S.C. § 1132(g)(2), the Trusts are entitled to recover their reasonable attorney's fees and costs of suit.

21.     The Trusts are entitled to recover a sum equal to any and all unpaid fringe benefit contributions discovered in the audit and contract damages, plus accruing interest, liquidated damages, attorney's fees, costs of suit and audit costs.  The Trusts allege that they are owed a total Glaziers Delinquency and Painters Delinquency of $326,424.61, plus accrued interest, liquidated damages, attorney's fees, court costs and audit costs ("Total Delinquency").

22.     The Plaintiffs are informed, believe and thereon allege that at all times material herein, John Does I-X and Roe Entities I-X, and each of them, were the agent, partner, employee and/or alter-ego of Peregrine, and in doing the things herein alleged, were acting within the course and scope of said agency, employment or relation, with the permission and consent of

---

[4] The principal amount of the Glaziers Delinquency is comprised of
[5] Attorney's fees and costs through April 30, 2010.
[6] The principal amount of the Painters Delinquency is comprised of unpaid contributions

1  their co-Defendants, and that each of them were working as a single entity and enterprise
2  affiliated with Peregrine, and John Does I-X and Roe Entities I-X are jointly and severally liable
3  with Peregrine for the Total Delinquency.

SECOND CAUSE OF ACTION
[Breach of Fiduciary Duty - 29 U.S.C. §§ 1002, 1104, 1109 – Doe and Roe Defendants]

23. Plaintiffs herein restate and reallege the allegations contained in paragraphs 1 through 24, as though set forth hoc verba.

24. One or more of the Doe and Roe Defendants ("Fiduciary Defendants") exercised authority and control relating to the management or disposition of Trust assets established pursuant to the terms and provisions of the CBA, Trust Agreements and 29 C.F.R. §2510.3-102. Fiduciary Defendants are fiduciaries for purposes of ERISA.

25. The actions of Fiduciary Defendants in failing to make required contributions to the Trusts materially harmed the Plaintiff Trusts, placed the participants of the Trusts at risk with regard to their benefits and constitute a breach of their respective fiduciary duties to the Plaintiff Trusts and their participants.

26. The Plaintiff Trusts are entitled to recover a sum equal to the Total Delinquency from the Fiduciary Defendants.

THIRD CAUSE OF ACTION
[General Contractor Liability Pursuant to NRS 608.150 –
Perini, Tishman, Burke, Doe & Roe Defendants]

27. Plaintiffs herein restate and reallege the allegations contained in paragraphs 1 through 28 of their Complaint, as though set forth herein hoc verba.

28. Upon information and belief, Peregrine contracted with Perini, Tishman and Burke and one or more of the Doe and Roe Defendants, as originating or general contractors (collectively "General Contractors") to perform covered labor on various Projects in Nevada. The General Contractors have received the benefit of the covered labor provided by Peregrine's covered employees, but have not paid the Trusts the fringe benefit contributions and damages owed for said labor accrued on the Projects.

29.     Pursuant to NRS 608.150, the General Contractors, as the originating or general contractor for each Project, are liable for Peregrine's indebtedness owed to the Trusts for covered labor performed on each Project, which labor indebtedness has not been paid by Peregrine or the General Contractors, notwithstanding the Trusts' demand.

FOURTH CAUSE OF ACTION
[Claim Against License and Surety Bonds – Boe Bonding Defendants]

30.     Plaintiffs herein restate and reallege the allegations contained in paragraphs 1 through 34 of the Complaint, as though set forth hoc verba.

31.     One or more of the Boe Bonding Defendants issued certain licensing bonds to Peregrine and the General Contractors (collectively "License Bonds").

32.     One or more of the Boe Bonding Defendants issued certain surety and/or payment performance bonds to Peregrine and the General Contractors (collectively "Surety Bonds") for work performed on the Projects.

33.     The Bond proceeds are payable to the Trusts in satisfaction of Total Delinquency and damages owed to the Trusts for covered labor by Peregrine employees.

34.     Plaintiffs are intended third party beneficiaries under the CBAs, License and Surety Bonds.

35.     Plaintiffs' claims, as set forth herein, are covered by the License and Surety Bonds and the Boe Bonding Defendants should pay any remaining Bond proceeds to Plaintiffs in partial satisfaction of the Trusts' claims asserted herein.

FIFTH CAUSE OF ACTION
[Injunctive Relief – Peregrine, Doe and Roe Defendants]

36.     Plaintiffs herein restate and reallege the allegations contained in paragraphs 1 through 35 of the complaint, as though set forth herein hoc verba.

37.     The Defendants' actions in failing to submit reports and pay required contributions, as described herein, constitute violations of ERISA [29 U.S.C. §1001 et seq.].

38.     The contract breaches and violations of ERISA identified above harm the Trusts and place at risk the Trusts' ability to provide required employee benefits to their participants.

39. Plaintiffs' remedies at law are not sufficient to adequately compensate the Trusts or their participants from past harm caused by said violations, or to protect them from harm or threat of harm caused by similar future violations.

40. Plaintiffs are likely to prevail on the merits of their claims.

41. Plaintiffs are entitled to injunctive relief affirmatively compelling Defendant Peregrine to submit to a compliance audit and to report and pay Plaintiffs all past due contributions and related damages, if any.

42. Plaintiffs are entitled to injunctive relief affirmatively compelling Defendant Peregrine to report and pay Plaintiffs all present and future contributions and related damages, if any.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Trusts pray for judgment against the Defendants named above, and each of them, as follows:

1. for unpaid fringe benefit contributions and damages for breach of contract and/or breach of fiduciary duty in an amount to be proved at trial;

2. for accruing interest on unpaid fringe benefit contributions from their due date;

3. for liquidated damages in an amount to be proved at trial;

4. for the Trusts' reasonable attorney's fees incurred herein;

5. for audit costs in an amount to be proved at trial;

6. for the Trusts' costs of suit incurred herein;

7. for the Court's Order enjoining Defendant Peregrine from failing to timely pay to the Trusts present and future contribution amounts owed, as they become due;

8. for such additional relief as may be provided for by 29 U.S.C. § 1132(g); and

9. for such additional relief as the Court may deem just and proper.

DATED this ___ day of May, 2010.

CHRISTENSEN JAMES & MARTIN

By: /s/ Kevin B. Christensen
Kevin B. Christensen, Esq.
*Attorneys for Plaintiffs*